NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN P. MIKEN, Petitioner, v. ICTSI OREGON, INC.; et al., Respondents. | No. 20-71272 BRB No. 19-0119 MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted January 13, 2022
Pasadena, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District
Judge.

John Miken petitions for review of a decision of the Benefits Review Board
(BRB) affirming with modification for scrivener's error a decision of an
administrative law judge (ALJ) concerning Miken's disability benefits under the
Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. (the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Longshore Act). Miken's claim stemmed from a work-related knee injury.

Miken challenges: (1) the denial of his temporary partial disability claim from August 18, 2014 (the date of his knee injury) until September 25, 2014 (the date that he first saw a doctor for his knee injury); (2) the February 11, 2015 first suspension of his compensation benefits for failure to attend an employer-initiated medical examination; (3) the continuation of the first suspension of his compensation benefits until he attended a subsequent medical examination on July 15, 2015; and (4) the September 27, 2016 second suspension of his compensation benefits for refusal to submit to a medical examination due to his refusal to complete intake paperwork that his attorney had not reviewed. We have jurisdiction pursuant to 33 U.S.C. § 921(c). We grant the petition in part on the issue of Miken's temporary partial disability claim for the period from August 18, 2014 until September 25, 2014, deny the petition with respect to all other issues, and remand for further administrative proceedings.

In Longshore Act proceedings, the BRB must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence. *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1076 (9th Cir. 2021). In turn, we review the BRB's decisions for errors of law and adherence to the substantial evidence standard. *Id.* Accordingly, we independently evaluate the evidence in the administrative record to ensure the BRB adhered to the correct

standard of review. *Id.* Where the ALJ relies on witness credibility in reaching his or her decision, we will interfere only where the credibility determinations conflict with the clear preponderance of the evidence, or where the determinations are inherently incredible or patently unreasonable. *Haw. Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 648 (9th Cir. 2010). We will not disturb the decision of an ALJ because of a harmless error. *Id.* (citing 5 U.S.C. § 706).

1.     We conclude that the ALJ applied an erroneous legal standard when she determined that Miken was not entitled to disability benefits prior to his first doctor's appointment. The ALJ stated that the law required Miken to show that he was "*incapable* of performing the job because of the injury." (emphasis in original). However, we rejected this improperly high standard in *Jordan v. SSA Terminals, LLC*, 973 F.3d 930 (9th Cir. 2020). In *Jordan*, we held, "as a matter of first impression, that credible complaints of severe, persistent, and prolonged pain can establish a prima facie case of disability, even if the claimant can literally perform his or her past work." *Id.* at 936. The ALJ's inability-based analysis of Miken's claim is analogous to that which we rejected in *Jordan*. The ALJ therefore committed legal error, and the BRB erred in affirming.

Because it is not clear that the ALJ would have reached the same conclusion under the correct legal standard, this issue warrants remand. On remand, the agency is directed to consider Miken's pain testimony as well as Dr. Harp's notes, which

3

corroborate Miken's testimony.[1]  Both potentially could support a finding of disability under the standard articulated in *Jordan*.

2.      We affirm the February 11, 2015 suspension of Miken's compensation benefits for refusal to submit to a medical examination where notice of the examination was allegedly deficient.  The parties agree that the governing statute, 33 U.S.C. § 907(d)(4), requires a dual inquiry under *Hrycyk v. Bath Iron Works Corp.*, 11 Ben. Rev. Bd. Serv. (MB) 238 (1979), and so we adopt that standard here.  Under *Hrycyk*, initially, the employer must show that the claimant's refusal was objectively unreasonable.  If the employer carries that burden, the claimant is given an opportunity to establish that his or her refusal was justified by the circumstances.  Only if the refusal is found to be both unreasonable and unjustified may compensation be suspended.  *Id.* at 240-42.

The ALJ's finding that Miken's refusal to submit to the medical examination was unreasonable and unjustified is supported by substantial evidence.  The ALJ determined that a reasonable ordinary person in Miken's circumstances would have simply asked for more information.  And the ALJ reasonably concluded that Miken's justifications were inadequate.

---

[1] The ALJ appears to have overlooked Dr. Harp's notes and to have mistakenly thought there was a lack of corroborating medical evidence that undermined the credibility of Miken's testimony.  Because the ALJ was mistaken about the state of the record, on remand the credibility of Miken's testimony must be reevaluated.

4

3.     We affirm the continuation of the first suspension of Miken's compensation benefits until he attended a subsequent medical examination on July 15, 2015.   Under 33 U.S.C. § 907(d)(4), the ALJ concluded that Miken had continued to refuse to submit to an exam after he failed to attend the examination, and the record supports that conclusion.   The ALJ also correctly stated that Miken could have ended his refusal prior to his attendance at the medical examination had he communicated his willingness to attend a rescheduled medical examination to respondents, and her finding that he did not do so is supported by substantial evidence.

4.     We affirm the September 27, 2016 suspension of Miken's compensation benefits for refusal to submit to a medical examination where he refused to complete intake paperwork that his attorney had not reviewed and therefore was not seen by the physician.   The ALJ looked to 33 U.S.C. § 907(d)(4)'s dual inquiry to determine if Miken's refusal to complete the intake paperwork amounted to an unreasonable and unjustified refusal to submit to the medical examination, and substantial evidence supports her finding that it did.[2]

In sum, we grant the petition for review on the issue of Miken's temporary partial disability claim for the period from August 18, 2014 until September 25,

---

[2] We do not consider whether the ALJ erred in continuing this second suspension after Miken filled out the relevant forms because Miken did not properly preserve that issue for appeal.

2014. We vacate the BRB's decision on this issue and remand for further administrative proceedings consistent with this disposition and the disability standard articulated in *Jordan*. We deny the petition for review with respect to all other issues.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART; REMANDED.**